☐ EXPEDITE
☐ Hearing is set
  Date:_____
  Time:_____
  Judge:_____
  Calendar:_____

FILED
2019 SEP 20 AM 8:15
GRAYS HARBOR CO.
KYM FOSTER
COUNTY CLERK

RECEIVED
SEP 20 2019
CORPORATE COUNSEL

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF GRAYS HARBOR

| | |
|---|---|
| ANTHONY AIRHART and LAURIE AIRHART, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ABERDEEN, a municipal corporation,<br><br>Defendant. | No. 19-2-716-14<br><br>**COMPLAINT FOR QUIET TITLE; NEGLIGENCE; SPECIFIC PERFORMANCE; INVERSE CONDEMNATION; TRESPASS, AND OTHER RELIEF** |

**COMES NOW** the Plaintiffs, Anthony Airhart, by and through their attorneys of record, L. Kathleen Casper, Christi Goeller, and Goldstein Law Office, PLLC, and for cause of action against the Defendant CITY OF ABERDEEN, allege this Complaint as follows:

### I. PARTIES

1.1  Plaintiffs ANTHONY AIRHART and LAURIE AIRHART are husband and wife and are residents of Grays Harbor County, Washington.

1.2  Defendant CITY OF ABERDEEN is a Washington municipal corporation located in and doing business in Grays Harbor County, Washington.

COMPLAINT - 1

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

## II. JURISDICTION AND VENUE

2.1     Plaintiffs incorporate by reference and re-allege paragraphs 1.1-1.2.

2.2     Grays Harbor County Superior Court has jurisdiction over this matter because the subject property, legally described herein, is located in Grays Harbor County, Washington.

2.3     All acts and omissions of Defendants, as set forth herein, occurred in Grays Harbor County, Washington.

2.4     Defendant CITY OF ABERDEEN was served with the requisite Claim for Damages on or about July 19, 2019. More than 60 days have passed since that date and Defendant has failed to respond or to honor that claim and continues to do so.

2.5     The Grays Harbor County Superior Court, in and for the State of Washington, has jurisdiction over the parties and the subject matter herein pursuant to RCW 4.12.020, RCW 4.12.025, RCW 2.08.010 and Washington Constitution Article IV, Section 6.

2.6     Venue is properly placed in Grays Harbor County, Washington.

## III. FACTS

3.1     Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 2.6.

3.2     Between 1978 and 2009, Plaintiffs purchased several lots that combined became the property commonly known as 601 Valley Road, in Aberdeen, Washington, Thurston County property tax parcel number, 029200000202.

3.3     On January 26, 2011, Plaintiffs granted an easement to the City of Aberdeen for the purpose of construction, operation, repair, and maintenance of water transmission lines, (The Project) described as the following:

> **The south twenty-five feet of Lot 5B of city of Aberdeen Short Subdivision Boundary Line Adjustment No. 2009-12010021 (to Lots 4B & 5B of Valley Tracts Add. To Aberdeen) adjacent to north right-of-way line of platted road,**

COMPLAINT - 2

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

**as shown on the attached exhibit. Subject as to said lands to all matters of public record.**

The easement required an abandonment of the previous easement, recorded on April 23, 1940.

3.4 Defendant, CITY OF ABERDEEN had continuously maintained a system of ditches and pipes in order to clear ground and surface water from their Fairview Reservoir property.

3.5 In the 1970's a landslide damaged the land and hillside surrounding Defendant CITY OF ABERDEEN's Fairview Reservoir.

3.6 Defendant, CITY OF ABERDEEN hired engineers to review the Fairview Reservoir site and evaluate the risk of future landslides.

3.7 Thereafter, Defendant CITY OF ABERDEEN maintained a system of ditches and pipes for the purpose of diverting surface and ground water away from the reservoir.

3.8 Defendant CITY OF ABERDEEN intentionally diverted surface and ground water away from the Fairview Reservoir and onto Plaintiffs ANTHONY AND LAURIE AIRHART's property using a series of halfpipes and ditches that extended from the Defendant CITY OF ABERDEEN's property onto Plaintiffs' property.

3.9 In 2015, Plaintiffs discovered the multiple ways that the discharged water from the Defendant CITY OF ABERDEEN's project at the Fairview Reservoir had created extensive damage to Plaintiffs' property, including but not limited to undermining the hillside, creating crevices in the land, uprooting trees, depositing extensive sediment and water, standing water, and washouts across the Plaintiffs' property.

3.10 Between February 2015 and September 2016, Plaintiffs repeatedly complained to the Defendant, CITY OF ABERDEEN including but not limited to: filing complaint forms,

COMPLAINT - 3

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

emailing, and calling city officials, meeting with city officials, and giving tours of the property and damage.

3.11    On or about September 13, 2016, Plaintiffs discovered that the Defendant CITY OF ABERDEEN had moved the original drainpipe and installed a new pipe in a different location outside the easement area on Plaintiffs' property. This work was done without the Plaintiffs' knowledge or permission and caused additional damage to the property. The damage caused by the original pipe remained unrepaired.

3.12    Plaintiff LAURIE AIRHART is employed by Defendant CITY OF ABERDEEN.

3.13    On or about 2016, Plaintiff LAURIE AIRHART requested whistleblower status due to concerns with retaliation in her work role with the city of Aberdeen. On July 12, 2018, she wrote to the city again to request assurances that her whistleblower status was still active due to additional retaliation concerns in her workplace.

3.14    On or about May 23, 2019, Kris Koski, engineer for the Defendant, CITY OF ABERDEEN wrote a letter to Plaintiffs, stating that the pipe that the city installed should have been placed underground, admitting it was not proper under the easement, and offering some options for fixing the problem including diverting the water to another property, off of Plaintiffs' land. The letter did not deal with any of the previous damage nor offer settlement for the other relief Plaintiffs sought.

3.15    On July 19, 2019, Plaintiff ANTHONY AIRHART filed a tort claim form with the Defendant CITY OF ABERDEEN requesting that the city immediately stop discharging water onto his property through their drainage system, that the city repair damage and reimburse him for use of the land and damages.

COMPLAINT - 4

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

3.16    The Plaintiffs continue to be damaged by Defendants' negligence, trespass, and taking of property.

## IV. FIRST CAUSE OF ACTION- QUIET TITLE

4.1    Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 3.16.

4.2    Plaintiffs have valid and subsisting rights in the subject property, including the right to enjoy quiet and peaceful possession of their property free and clear of any additional claims by Defendant CITY OF ABERDEEN for any interest herein.

4.3    Defendant CITY OF ABERDEEN has continuously exceeded their easement by flooding the Plaintiffs' property with water, abandoning their ditches and crevices, and moving their pipes to different locations outside of the easement location, and therefore the current, recorded easement is invalid and unenforceable.

4.4    Defendant CITY OF ABERDEEN has other options for draining their land that do not encroach on Plaintiffs' land and therefore does not require any interest in Plaintiffs' property.

4.5    As a direct and proximate result of Defendants' conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

4.6    Plaintiffs are entitled to a judgment quieting title to the subject property in favor of Plaintiffs as against any claim by Defendant CITY OF ABERDEEN or any other defendants.

## V. SECOND CAUSE OF ACTION- NEGLIGENCE

5.1    Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 4.6.

5.2    Plaintiffs' property was damaged and continues to be damaged each day by the Defendant CITY OF ABERDEEN's negligent installation of a surface and ground water removal system that has impacted Plaintiffs' land from two separate access points from sewer pipes that

COMPLAINT - 5

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

originate from the Defendant CITY OF ABERDEEN's Fairview Reservoir location on the hillside above Plaintiffs' property.

5.3   The property location is in an area that the Defendant CITY OF ABERDEEN is aware has been prone to landslide issues in the past, and the Defendant CITY OF ABERDEEN knew or should have known due to the studies done in the 1970's that the soil is unable to handle excessive amounts of water without further increasing potential landslide risk.

5.4   Plaintiffs continue to fear for their safety while living under a hillside that could slide down on their home at any moment due to continuous water intrusion and undermining of the stability of the hill above.

5.5   Plaintiffs' family has been disrupted by the Defendant CITY OF ABERDEEN's negligence in their refusal to properly mitigate and repair damages for so many years, and Plaintiff LAURIE AIRHART has feared retaliation in her jobsite due to the Defendant CITY OF ABERDEEN making the situation hostile rather than working with the Plaintiffs on appropriately fixing the property issue.

5.6   As a direct and proximate result of Defendants' conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

**VI. THIRD CAUSE OF ACTION- SPECIFIC PERFORMANCE/INJUNCTION**

6.1   Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 5.6.

6.2   Plaintiffs have an ownership right to the property and the right of quiet enjoyment of such property. This includes the right to not have the City's drainage system dump water beyond the boundaries outside of the easement area or in any way that erodes and undermines the stability of the hillside and other land on Plaintiffs' property.

COMPLAINT - 6

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

6.4 Plaintiffs have a well-grounded fear of immediate invasion of that right due to the continued drainage and sediment building up on his property and continuously eroding the land by means of a drainage system that was created by the Defendant CITY OF ABERDEEN. The ownership of and responsibility for maintenance of two of the three drainage systems are agreed by both parties to be the Defendant CITY OF ABERDEEN's responsibility. The third drainage system was created by the purposeful concentration and run-off from the Defendant CITY OF ABERDEEN's property on the hillside above their property and has been maintained by the Defendant CITY OF ABERDEEN in the recent past.

6.5 The continuous run-off from the Defendant CITY OF ABERDEEN's drainage system has been eroding the land in many areas on Plaintiffs' land and is creating wide swaths of debris and sediment to build up in other areas of Plaintiffs' property. Geologic reports have shown the area to be sensitive to water erosion issues and the Defendant CITY OF ABERDEEN knows or should know of these reports and have relied on them to create the water systems on their own property.

6.6 As a direct and proximate result of Defendant's conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

6.7 It is imperative that the Defendant CITY OF ABERDEEN immediately cease and desist using Plaintiffs' property for drainage from their property so as to stop the daily erosion of the land and depositing of debris on Plaintiffs' property.

6.8 Plaintiffs' property value has been decreased due to the dangerous conditions caused by the Defendant CITY OF ABERDEEN's actions and unwillingness to mitigate the dangers they created.

6.9 Plaintiffs are entitled to a decree of the Court which orders Defendant CITY OF ABERDEEN to specifically perform by stopping the unauthorized access of their run-off system

COMPLAINT - 7

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

that crosses Plaintiffs' land and any water intrusion onto Plaintiffs' land, requires them to repair all existing damages caused by their negligent water system; and imposes such terms, conditions, liens and restrictions, equitable or otherwise, as are appropriate to prevent unjust enrichment and protect the legitimate interests of the Plaintiffs and for damages.

## VII. FOURTH CAUSE OF ACTION- INVERSE CONDEMNATION

7.1     Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 6.9.

7.2     Municipalities in Washington were recently put on notice by the Washington State Attorney General, as required under RCW 36.70A.370, in the December 2015 *State of Washington Office of the Attorney General Advisory Memorandum and Recommended Process for Evaluating Proposed Regulatory or Administrative Actions to Avoid Unconstitutional Takings of Private Property*, that "when the government permanently or repeatedly physically occupies property, or authorizes another person to do the same, this occupation has been characterized as such a substantial interference with property that it always constitutes a taking requiring the payment of just compensation."

7.3     As a proximate result of the Defendant CITY OF ABERDEEN's physical occupation of drainage systems and the overflow and debris from each, Plaintiffs' land now consists of sections of property burdened by abandoned easements and drainage systems and substantially interferes with Plaintiffs' property use, which is a taking under Washington State Law, as well as under the Fifth Amendment of the United States Constitution and 42 U.S.C.A. Section 1983.

7.4 Plaintiffs' remaining land has been reduced in total size, subject to the damaged hillside, an abandoned easement, a ditch that the Defendant CITY OF ABERDEEN once

COMPLAINT - 8

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

maintained but claims they no longer will maintain, and debris from the additional drainage system that the Defendant CITY OF ABERDEEN has negligently built and maintained.

7.5   The Defendant CITY OF ABERDEEN has taken the Plaintiffs' land through inverse condemnation, using it as a retention pond location for the discharge from their property through their system of pipes and ditches, above and beyond the scope of an easement and including continuous and often daily trespass by water that has removed topsoil, trees, rocks, and more and changed the topography of the site.

7.6   The damages to Plaintiffs' property expand beyond merely the subject drainage areas, but to the land as a whole integrated economic unit resulting from Defendant CITY OF ABERDEEN's physical conduct and the resulting damages and harm.

7.7   Plaintiffs have been unable to use much of their property, due to water intrusion, standing water, sediment deposits, and the erosion of topsoil that has caused the hillside to be unstable.

7.8   As a direct and proximate result of Defendants' conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

## VIII.  FIFTH CAUSE OF ACTION- TRESPASS

8.1   Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 7.8.

8.2   The Courts have consistently held that Collecting groundwater by an artificial means and directing it onto another's property makes a property owner liable for damages caused by such diversion. *Currens v. Sleek*, 138 Wn.2d 858, 862, 983 P.2d 626 (1999).

8.3   The Defendant CITY OF ABERDEEN increased and centralized the flow of water onto Plaintiffs' property in multiple locations, through a system of water pipes and ditches that originate from their Fairview Reservoir property.

COMPLAINT - 9

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

8.4     **Location 1**: The first location on Plaintiffs' property that the Defendant CITY OF ABERDEEN damaged due to water drainage onto Plaintiffs' land was in a ditch that was dug by the Defendant CITY OF ABERDEEN in the 1970's to mitigate some of the damage and the change in water flow when they were working on a project to limit landslide risk to their reservoir after a landslide happened in the early 70's. The Defendant CITY OF ABERDEEN had an easement since 1940, allowing them to use the area as a ditch on Plaintiffs' property, and the Defendant CITY OF ABERDEEN was responsible for maintaining it. In the early 2000's, this original drainage ditch began filling with mud and debris. Plaintiffs complained to the Defendant CITY OF ABERDEEN and their employees came out and cleaned the ditch multiple times. Then the Defendant CITY OF ABERDEEN notified the Plaintiffs that they would no longer be maintaining that ditch. In February 2015, Plaintiffs discovered that the ditch was again filled with debris and was overflowing onto areas outside of the easement.

8.5     **Location 2**: On January 26, 2011, an easement was created between Plaintiffs and the Defendant CITY OF ABERDEEN, requiring the Defendant CITY OF ABERDEEN to repair and maintain their water transmission lines on Plaintiffs' property that originated from the Defendant's CITY OF ABERDEEN's Fairview Reservoir project on the hillside above Plaintiffs' property and flowed onto his property through half-pipes that meandered through thick forest land and emptied into the ditch in location 1.

8.6     **Location 3**: During the summer of 2016, the Defendant CITY OF ABERDEEN built a new drainage pipe that flowed in a totally separate area of Plaintiffs' property, outside of either easement.

8.7     The Defendant CITY OF ABERDEEN officials admitted their responsibility to mitigate the damages caused by their water system in multiple letters and emails and suggested solutions such as moving the Defendant CITY OF ABERDEEN's drainpipe to different locations and making sure the water drained into a stream instead of onto Plaintiffs' property.

COMPLAINT - 10

8.8   Even though they knew or should have known about their responsibility to maintain their water discharge systems on Plaintiffs' land, the Defendant CITY OF ABERDEEN did not immediately ensure that the water stopped flowing onto Plaintiffs' property. They also continued to delay and attempt to make Plaintiffs agree to waive other damage claims before proceeding, therefore causing additional damages and a continued trespass onto Plaintiffs' land by runoff from their reservoir property.

8.9   Plaintiffs have spent many hours and spent money on equipment rentals and materials trying to limit the effects of the water intrusion from the Defendant CITY OF ABERDEEN's defective water diversion system that is trespassing on their land.

8.10   Plaintiffs have spent money on attorney fees and court costs in order to force the Defendant CITY OF ABERDEEN to cease and desist in their actions and remove their water from his land.

8.11   As a direct and proximate result of Defendant's conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

## IX. SIXTH CAUSE OF ACTION- TAKING WITHOUT JUST COMPENSATION, SECTION 1983

9.1   Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 8.11.

9.2   Because the Defendant is the CITY OF ABERDEEN a municipality in the State of Washington and the employees and contractors of the Defendant CITY OF ABERDEEN were doing municipal work when constructing and maintaining the drainage system on Plaintiffs' property, they were acting under color of state law. Therefore, this element of Plaintiffs' claim is not in dispute and this element is established.

COMPLAINT - 11

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

9.3    Defendant CITY OF ABERDEEN was aware of the damages to Plaintiffs' property caused by their drainage systems and they continued to drain their Fairview Reservoir land onto Plaintiffs' property.

9.4    Defendant CITY OF ABERDEEN knew of Plaintiffs' multiple complaints and requests for stopping the continued flooding of Plaintiffs' property and did not mitigate damages and actually did more harm, causing the land to be damaged, causing waste and dangerous conditions, and causing impaired economic value.

9.5    Defendant CITY OF ABERDEEN took the Plaintiffs' property for their drainage usage and did not compensate Plaintiffs' for the taking.

9.6    Defendant CITY OF ABERDEEN violated Plaintiffs' right to be free from a taking of its property without just compensation under the Fifth Amendment of the United States Constitution and 42 U.S.C.A. Section 1983.

## X.  SEVENTH CAUSE OF ACTION- LACK OF DUE PROCESS, SECTION 1983

10.1    Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 9.6.

10.2    Defendant CITY OF ABERDEEN acted under the color of State law to deprive Plaintiffs of their property.

10.3    Defendant CITY OF ABERDEEN violated Plaintiffs' right to Due Process under the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

10.4    As a direct and proximate result of Defendant CITY OF ABERDEEN's conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

## XI.  EIGHTH CAUSE OF ACTION- NUISANCE

11.1    Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 10.4.

COMPLAINT - 12

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

11.2   Defendant CITY OF ABERDEEN acted under the color of State law and created a nuisance under RCW 7.48.120, by unlawfully draining excessive amounts of run-off from their property onto Plaintiffs' land and omitting to perform a duty by maintaining their drainage system effectively.

11.3   Defendant CITY OF ABERDEEN's acts and omission annoyed, injured and endangered the comfort, repose, health or safety of the Plaintiffs, and rendered Plaintiffs insecure in life and in the use of Plaintiffs' property.

11.4   As a direct and proximate result of Defendant's conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

## XII. NINETH CAUSE OF ACTION- WASTE

12.1   Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 11.4.

12.2   Defendant CITY OF ABERDEEN was responsible for maintaining their easement for their water system but was neglectful and committed waste under RCW 64.12.020 by exceeding their easement, causing property damage, and diminishing the value of Plaintiffs' property.

12.3   As a direct and proximate result of Defendant's conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

## XIII. TENTH CAUSE OF ACTION- PROPERTY DAMAGE

13.1   Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 12.3.

13.2   Defendant CITY OF ABERDEEN entered the land of Plaintiffs outside of the scope of its easement and continued to allow water to enter the land of Plaintiffs without authorization from Plaintiffs, causing waste and injury to the land.

COMPLAINT - 13

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

13.3  As a direct and proximate result of Defendant's conduct, as set forth herein, Plaintiffs have sustained damages as described more fully below.

### XIV.  DAMAGES

14.1  Plaintiffs incorporate by reference and re-allege Paragraphs 1.1 through 13.3.

14.2  As direct and proximate result of Defendant's wrongful and/or unlawful conduct, as alleged herein, Plaintiffs ANTHONY AND LAURIE AIRHART have incurred damages, both special and general, including but not limited to, diminishment of property value, both directly and indirectly; loss of land and trees; out of pocket expenses; loss of time; wage loss; research; the prosecution of this action in defense of their home and property; and attorneys' fees and costs all in amounts to be proved more fully at the time of trial.

14.3  Plaintiffs ANTHONY AND LAURIE AIRHART are further entitled to treble and/or punitive damages, as well as attorneys' fees and costs, as may be deemed appropriate under the law.

### XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

15.1  For an order granting Plaintiffs an injunction against Defendant using Plaintiffs' land, to include termination of existing easement; and requiring the Defendant to specifically perform by stopping the unauthorized use of their drainage system that crosses Plaintiffs' land and ceasing to cause any water intrusion onto Plaintiffs' land; and requiring Defendant to repair all existing damages caused by its negligent water system;

COMPLAINT - 14

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656

15.2   For an order imposing such terms, conditions, liens and restrictions, equitable or otherwise, as are appropriate to protect the legitimate interests of the Plaintiffs and quiet title in the Plaintiffs;

15.3   For judgment against Defendant for its negligence, trespass, nuisance, waste, and inverse condemnation, as well as incidental and consequential damages in an amount to be proven at trial;

15.4   For judgment against Defendant for consequential damages to Plaintiffs, including but not limited to, reasonable attorneys' fees and costs as provided by contract, statute, court rule or other law, or recognized grounds in equity, in amounts to be proven at the time of trial; and

15.5   For such other and further relief as the Court deems just and equitable.

GOLDSTEIN LAW OFFICE, PLLC

DATED September 19, 2019

*L. Kathleen Casper*
**L. KATHLEEN CASPER**, WSBA #38838
**CHRISTI GOELLER**, WSBA #33625
Attorneys for Plaintiffs

COMPLAINT - 15

GOLDSTEIN LAW OFFICE, PLLC
1800 Cooper Point Road Southwest, No. 8
Olympia, Washington 98502
Tele: 360.352.1970 | Fax: 877.606.3656